UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DESIGN REAL ESTATE SOLUTIONS, LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 4:23-cv-01566-MTS |
| LIV FUNDING, LLC, | ) ) ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on review of the file. The Court concludes Plaintiff has failed to establish the Court's subject matter jurisdiction over this action. *See Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) ("Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it."). Federal Rule of Civil Procedure 8(a)(1) provides that a complaint must contain "a short and plain statement of the grounds for the court's jurisdiction." Here, Plaintiff's Complaint contains a single paragraph on subject matter jurisdiction. Doc. [6] ¶ 1. In it, Plaintiff cites 28 U.S.C. § 1332.[1] Though that statute has numerous subsections, Plaintiff cites none. While it appears Plaintiff is asserting subject matter

---

[1] Plaintiff does not plead that this Court has federal question jurisdiction under 28 U.S.C. § 1331. Nor does it appear on the face of the Complaint that the Court would have federal question jurisdiction here. *See McGowen, Hurst, Clark & Smith, P.C. v. Com. Bank*, 11 F.4th 702, 708 n.2 (8th Cir. 2021) (noting the federal Declaratory Judgment Act is not jurisdictional); *Medtronic, Inc. v. Mirowski Fam. Ventures, LLC*, 571 U.S. 191, 197 (2014) (noting that, when determining declaratory judgment jurisdiction, federal courts often look to the "character of the threatened action" to determine whether "a coercive action" brought by "the declaratory judgment defendant" would "necessarily present a federal question"); *see also In re SuperValu, Inc.*, 925 F.3d 955, 963 (8th Cir. 2019) ("The FTCA creates no private right of action.").

jurisdiction pursuant to § 1332(a)(1), the Complaint fails to plead facts that establish subject matter jurisdiction under § 1332(a)(1).

In order for this Court to have diversity jurisdiction over a case under § 1332(a)(1), all plaintiffs must be completely diverse from all defendants in such a way that no plaintiff is a citizen of any state of which any defendant is a citizen. *Wilkerson v. Mo. Dep't of Mental Health*, 279 F. Supp. 2d 1079, 1080 (E.D. Mo. 2003). Here, Plaintiff and Defendant are each limited liability companies, meaning, for diversity jurisdiction purposes, their citizenship is the citizenship of all their members. *GMAC Com. Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004). But instead of identifying Plaintiff's and Defendant's members, Plaintiff states only that "plaintiff is citizen of Missouri and the Defendant claims to be a citizen of the State of Connecticut." Doc. [6] ¶ 1. That does not suffice. *James v. Moore*, 1:23-cv-00115-SNLJ, 2023 WL 4350944, at *1 (E.D. Mo. July 5, 2023) ("Plaintiff must identify each of the individual members of the defendant LLC and specifically plead the state of their citizenship. Only then can this Court be assured of its own jurisdiction."); *see also NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 611 (9th Cir. 2016) ("[T]he citizenship of all of the [LLC's] members must be pled.").

The Court will not entertain Plaintiff's Motion for Temporary Restraining Order until Plaintiff has established this Court's subject matter jurisdiction. *Carlson v. Arrowhead Concrete Works, Inc.*, 445 F.3d 1046, 1050 (8th Cir. 2006) ("In every federal case the court must be satisfied that it has jurisdiction before it turns to the merits of other

- 3 -

legal arguments."). For that reason, this Memorandum and Order expresses no opinion on the Motion's merits.

Accordingly,

**IT IS HEREBY ORDERED** that, no later than **Wednesday, December 13, 2023**, Plaintiff shall file an amended complaint that establishes this Court's subject matter jurisdiction. Failure to do so will result in the dismissal of this action without prejudice and without further notice.

Dated this 11th day of December 2023.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE